UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANGELICA EVANS,                            )     CASE NO. ED CV 13-01500 RZ
                                           )
                    Plaintiff,             )
                                           )     MEMORANDUM OPINION AND
          vs.                              )     ORDER
                                           )
CAROLYN W. COLVIN, Acting                  )
Commissioner of Social Security,           )
                                           )
                    Defendant.             )
_____)

This is a rare disability appeal that *only* involves Step 5 of the familiar five-step analysis. The Commissioner has the Step-5 burden of showing that a "significant number" of jobs that Plaintiff can perform exists in Plaintiff's region or in several regions of the country. *See* 42 U.S.C. §§ 1382c(a)(3)(B), 423(d)(2)(A); *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999) (Commissioner's burden). The Administrative Law Judge (ALJ) found that 600 such jobs exist regionally and 6,200 nationally. Plaintiff asserts that neither figure is a "significant number." The Court disagrees and thus will affirm.

In December 2011, ALJ Danny Pittman examined a vocational expert (VE) about how many jobs exist, regionally and nationally, *see* 20 C.F.R. § 404.1569, for someone with Plaintiff's abilities and limitations. *See* AR 62-65. (The parties do not dispute the ALJ's findings at Steps 1 through 4. Among these are that Plaintiff suffers "severe" arthritis, obesity and anemia; Plaintiff can still perform a limited range of light

work; Plaintiff's ailments do not meet or exceed a listed impairment; and Plaintiff cannot return to her past work. *See* Administrative Record (AR) 19-26.) The key exchange with the VE proceeded as follows:

> Q:  Would there be other jobs available [other than past work]?
>
> A:  Very limited.  There's work as a school bus monitor.  [Code and technical citations omitted.]  Regionally there are 300 positions; nationally in excess of 2,700 positions.  There's work as an usher. [Omitted.]  Regionally there are 300 positions; nationally 3,500 positions.  I believe those would be the only two positions that I can identify that fit that hypothetical.

AR 63.

Plaintiff and Defendant each point the Court to a recent Ninth Circuit case, largely due to the various cases discussed and cited therein.  Plaintiff principally relies on *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). In that case, the Ninth Circuit admitted it has "never set out a bright-line rule for what constitutes 'significant number' of jobs."  Claimant Jennie Beltran argued that the ALJ's finding of 135 regionally-available jobs or 1,680 nationally-available jobs was too few.  The appellate court agreed, pointing first to *Walker v. Mathews*, 546 F.2d 814, 820 (9th Cir. 1976).  *Walker* reversed a Step 5 denial because the evidence showed that the jobs available to the claimant were "very rare," although *Walker* supplied no estimated number.  The *Beltran* court next noted several other precedents to assure itself that 135 jobs regionally were closer to "very rare" than to "significant":

> For example, in *Barker v. Secretary of Health & Human Services*, 882 F.2d 1474, 1479 (9th Cir.1989), we held that 1,266 jobs regionally is a significant number of jobs.  In Jennie Beltran's case, 135 jobs regionally is about 11%

of the 1,266 jobs found "significant" in *Barker*; 1,266 jobs *regionally* is also slightly lower than the 1,680 jobs *nationally* available to Beltran.   In *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir.1987) (amended), we stated that 3,750 to 4,250 jobs (or 2 to 4% of the regional jobs available to Beltran) in the Greater Metropolitan and Orange County area (the same region Beltran lives in) was a significant number of jobs. *See also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir.2002) (1,300 jobs in Oregon region and 622,000 in the national economy); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.1995) (30,000 jobs in Los Angeles County area); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir.1995) (2,300 jobs in San Diego County and 64,000 jobs nationwide).   In short, when compared to other cases, 135 regional surveillance monitor jobs qualifies as a "very rare" number.

700 F.3d at 389.   Having thus decided that 135 regional jobs was insufficient, the *Beltran* court turned to the national jobs figure of 1,680.

The statute in question indicates that the 'significant number of jobs' can be *either* regional jobs . . . *or* in several regions of the country (national jobs).   42 U.S.C. § 423(d)(2)(A). . . .

If we find *either* of the two numbers "significant," then we must uphold the ALJ's decision. . . . [W]e cannot consider the 1,680 jobs as a stand-alone figure; rather, as the statute states, we must consider . . . that it represents jobs across "several regions." . . . If 135 jobs available in one of the largest regions in the country ["the Greater Metropolitan and Orange County area," 700 F.3d at 369] is not a "significant number," then 1,680 jobs distributed over *several* regions cannot be a 'significant number,' either. We need not decide what the floor for a "significant number" of jobs is in order to reach this conclusion.

700 F.3d at 390.  Although *Beltran* is useful as far as it goes, it does not compel a ruling for Plaintiff.  After all, Plaintiff has roughly four times more jobs available to her, both regionally and nationally, than were available to Jennie Beltran.

Defendant responds with cases of her own, including an even more recent Ninth Circuit case than *Beltran*, namely *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519 (9th Cir. 2014).  *Gutierrez*'s holding is unremarkable (and, like *Beltran*, not decisive) here: 2,500 regional jobs that claimant Carlos Gutierrez could perform constituted a "significant number," as did 25,000 national jobs.  *Gutierrez*'s greater significance lies in the cases *Gutierrez* cites with approval:

[W]e have upheld a number of jobs less than 2,500 in a handful of cases, and in those cases, the regions were smaller than the State of California.  *See Thomas* [*v. Barnhart*], 278 F.3d [947,] 960 [(9th Cir. 2002)] (upholding the ALJ's finding that 1,300 jobs in Oregon constituted significant work); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.1999) (1,000 to 1,500 jobs in the local area alone was significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir.1995) (per curiam) (2,300 jobs in San Diego County was significant).

However, in *Barker* [*v. Secretary of HHS*, 882 F.2d 1474 (9th Cir. 1989)], we relied on decisions from district courts within this circuit finding several hundred jobs "significant."  *See* 882 F.2d at 1478–79.  *Barker* also relied on decisions from other circuits.  *See id.* at 1478 (citing *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988) (finding that 1,350 jobs in the local economy constituted a significant number); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (holding that as few as 500 jobs "in the region in which Jenkins live[d]" was a significant number)).

740 F.3d at 528.  *Barker* went even further than the *Gutierrez* court notes.  In that 1989 case, the Ninth Circuit explained as follows, again with seeming approval:

> Decisions by district courts within this circuit are also consistent with the Secretary's finding in this case.  *See, e.g., Salazar v. Califano,* Unemp.Ins.Rep. (CCH, para. 15,835)*1479 (E.D. Cal. 1978) (600 jobs is significant number); *Uravitch v. Heckler,* [1986 WL 83443,] CIV–84–1619–PHX–PGR, slip op. (D. Az. May 2, 1986) (even though 60–70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions constitute significant number).

882 F.2d at 1478-79.

Defendant has the stronger array of authority.  *Barker* gave the Ninth Circuit's tacit blessing to decisions holding that 600, 500 or even fewer regional jobs constituted a "significant number."  The Ninth Circuit continues to cite *Barker* in 2014, despite the fact that in 2012 it clearly held in *Beltran* that 135 regional jobs do *not* suffice.  Nothing in the present case tilts it more towards *Beltran* than towards *Barker.*

In sum, the underlying opinion was free of material legal error and supported by substantial evidence.  *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992).  The Court affirms the decision of the Commissioner.

DATED: 8/4/14

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE